UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **THOMAS JAMES FEARS**, Defendant. | Civil Action No. 11-mc-174 (RLW) |

## MEMORANDUM OPINION

Before the Court is Plaintiff United States' ("United States") Motion to Quash Subpoena Duces Tecum (Docket No. 2) and Defendant Thomas James Fears' ("Fears") Cross Motion to Remand to Superior Court of the District of Columbia (Docket No. 6). For the reasons set forth below, Fears' Motion to Remand is denied and the United States' Motion to Quash is granted.

## FACTUAL SUMMARY

Fears, an employee of the Architect of the Capitol ("AOC"), was charged in the Superior Court of the District of Columbia with one count of misdemeanor sexual abuse[1] in connection with a workplace incident. In the days leading up to his trial,[2] Fears served four subpoenas upon the AOC, seeking: 1) the complete personnel file for the complaining witness; 2) the complete personnel files for Fears; 3) all documents generated from any internal investigation pertaining to or involving Fears; and 4) all documents describing "internal procedures for investigating alleged incidents of misconduct, terminating and/or removing employees from the work place and disciplinary procedures for violating internal guidelines and/or other

---

[1] In violation of D.C. Code § 22-3006 (2001).

[2] Fears' trial was originally scheduled for April 1, 2011, but it has been postponed pending this Court's determination of the two pending motions.

1

standards of conduct" (Ex. A to Pl.'s Notice of Removal of Subpoenas). Fears surmises that relevant and potentially exculpatory materials are among the requested documents, a hardly implausible suggestion since the AOC investigated the incident and apparently declined to discipline Fears.

The AOC immediately removed the subpoenas to this Court. The AOC now argues that it cannot be compelled to produce documents pursuant to a Superior Court subpoena because the AOC is protected by the doctrine of sovereign immunity. Fears, in turn, seeks to have this case remanded to the Superior Court and asserts that the AOC has no valid defense to the subpoenas.

## ANALYSIS

### A. Fears' Motion to Remand

The AOC has removed the subpoenas to this Court pursuant to 28 U.S.C. § 1442(a)(1). That section provides that:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Under Section 1442(a)(1), which this Circuit has held applies to state subpoena proceedings, removal is proper when it is "'predicated on the allegation of a colorable federal defense.'" In re Subpoena in Collins, 524 F.3d 249, 251 (D.C. Cir. 2008) (quoting Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412 (D.C. Cir. 1995)).

Fears does not dispute that the Superior Court of the District of Columbia is a "state court" or that the AOC is an "agency" within the meaning of the statute. Rather, he argues, removal is

improper because the AOC has no "colorable federal defense" to the subpoenas. As this Court explains below, however, the AOC *does* enjoy sovereign immunity and that immunity has not been waived in this case. At the very least, sovereign immunity was a "colorable" defense and therefore removal was proper. See In re Collins, 524 F.3d at 251 (stating that "[a] state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity" and that a federal employee served with such a subpoena may "remove the subpoena to district court and assert sovereign immunity as a defense."). As such, Fears' Motion to Remand is denied.

### B. The AOC's Motion to Quash

The AOC argues that sovereign immunity protects it from being compelled to produce documents in response to Fears' subpoenas. Accordingly, the AOC urges this Court to quash those subpoenas. Fears does not dispute that the AOC enjoys sovereign immunity,[3] but rather argues that the immunity was waived when the United States chose to bring a criminal prosecution against him in Superior Court. According to Fears, not only did the institution of the suit operate as a waiver of sovereign immunity with respect to the Office of the United States Attorney, but that the waiver also extended to the AOC.

It is well-settled that only Congress can waive federal sovereign immunity, and it must do so expressly. See Dickson v. United States, 831 F.Supp. 893, 899 (D.D.C. 1993). Because of that immunity, a federal agency facing a state court subpoena for documents need not comply. See In re Collins, 524 F.3d at 251. As explained in Houston Business Journal, Inc. v. Office of the

---

[3] This Circuit has held that sovereign immunity extends to the functions of the AOC, a federal agency in the legislative branch. See United States ex rel. Brookfield Construction Co., Inc. v. Stewart, 339 F.2d 753, 754 (D.C. Cir. 1964); 2 U.S.C. § 181(b)(1).

Comptroller of the Currency, 86 F.3d 1208, 1211-12 (D.C. Cir. 1996), where a litigant seeks documents from a federal agency in state court, the federal government is shielded by sovereign immunity. The litigant's only recourse is to pursue those documents through the agency's regulations, if any, and then file a collateral action under the Administrative Procedures Act if the agency refuses to produce the documents in violation of the agency's regulations. Id. at 1212. In federal court, however, the federal government has waived its sovereign immunity pursuant to 5 U.S.C. § 702 and, thus, federal agencies governed by the APA may be served with valid subpoenas. As both parties appear to agree in this case, however, Congress has exempted the AOC (as an agency of Congress) from 5 U.S.C. § 702 and thus has not waived its sovereign immunity even in federal court. See 5 U.S.C. § 701(b)(1)(A).

This Court is not persuaded that the United States has waived its sovereign immunity in this case. Fears cites no cases—and this Court knows of none—in which the United States was found to have waived its sovereign immunity merely by bringing a criminal prosecution against a defendant, let alone a case that found such a waiver that extended to an agency in a different branch of government than the Justice Department. The principal cases upon which Fears relies do not support a waiver here. They are all civil cases in which the courts generally found that, by coming into court as a plaintiff, the sovereign agreed to a limited waiver of immunity so that the court could fully adjudicate that specific accident or occurrence. See, e.g., Luckenbach S.S. Co., Inc. v. The Thekla, 266 U.S. 328, 340 (1924) (finding that, by joining in the suit, the United States accepted whatever liability the courts may decide to be reasonably incident to the accident in controversy). As Fears

himself acknowledges,[4] the waivers of sovereign immunity in this line of cases are limited waivers enabling a defendant to assert a counterclaim or defensive plea for recoupment or set-off to reduce or defeat the government's claim; the trend is that the waiver does not extend to allow a defendant to seek affirmative relief beyond the sovereign's claim when that counterclaim was not based in any applicable statutory waiver of sovereign immunity. See WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3D § 3654; United States v. Tsosie, 92 F.3d 1037, 1044 (10th Cir. 1996) (stating that when the United States institutes a suit, "defendant may assert by way of recoupment any claim arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery" (internal quotations omitted)). This Court is not persuaded that those civil cases support a finding of waiver in this case, particularly in the face of the well-settled law requiring that only Congress may waive sovereign immunity. Moreover, although it has come to light that certain AOC documents were produced through discovery in Superior Court,[5] this does not operate as a waiver of sovereign immunity. See Smith v. Cromer, 159 F.3d 875, 880 (4th Cir. 1998) (holding that disclosure of factual information does not effect a waiver of sovereign immunity as to other related matters).[6]

---

[4] Fears' Mem. in Support of Opp. to Motion to Quash, Docket No. 7, at 6, n.2.

[5] These productions were explained in the parties' supplemental submissions located at Docket Nos. 12 and 13.

[6] Nor does D.C. Code § 23-101 (2001), which states that certain criminal prosecutions in the Superior Court shall be "conducted in the name of the United States by the United States attorney for the District of Columbia," serve as a statutory basis for waiver. There is no language at all, let alone express language, in that statute supporting the proposition that, by bringing such a prosecution, the United States waives its sovereign immunity as to all branches of the federal government.

In criminal cases brought by the United States in federal court, courts do not appear to have based their decisions regarding documents requested from the government upon waivers of sovereign immunity. In fact, as mentioned above, Fears cannot cite a single criminal case analogous to this one in which a federal court has found a waiver of sovereign immunity. Well-settled criminal jurisprudence shows that the courts have taken a different course. In <u>United States v. Andolschek</u>, 142 F.2d 503, 506 (2d Cir. 1944), Judge Learned Hand said:

> While we must accept it as lawful for a department of the government to suppress documents, even when they will help determine controversies between third persons, we cannot agree that this should include their suppression in a criminal prosecution, founded upon those very dealings to which the documents relate, and whose criminality they will, or may, tend to exculpate. So far as they directly touch the criminal dealings, the prosecution necessarily ends any confidential character the documents may possess; it must be conducted in the open, and will lay bare their subject matter. The government must choose; either it must leave the transactions in the obscurity from which a trial will draw them, or it must expose them fully. Nor does it seem to us possible to draw any line between documents whose contents bears directly upon the criminal transactions, and those which may be only indirectly relevant. Not only would such a distinction be extremely difficult to apply in practice, but the same reasons which forbid suppression in one case forbid it in the other, though not, perhaps, quite so imperatively.

<u>Id.</u> at 506. The Supreme Court quoted the above language with approval in the <u>Jencks</u> case. <u>Jencks v. United States</u>, 353 U.S. 657, 671-72 (1957). Neither <u>Jencks</u> nor <u>Andolschek</u> suggest that the initiation of a criminal prosecution by the United States operates as a waiver of sovereign immunity. If so, then the <u>Andolschek</u> and <u>Jencks</u> opinions would have so ruled and both courts would have invalidated or overruled the regulations upon which the government relied to forbid disclosure of its reports. But neither court proceeded in this fashion. Instead, the Supreme Court held in <u>Jencks</u> (as Judge Learned Hand had held in <u>Andolschek</u>) that the government may rely upon its departmental regulation to prohibit disclosure, but that if such non-disclosure denied the criminal defendant due process of law, then the case must be dismissed.

6

See Jencks, 353 U.S. at 671-72. In so holding in Jencks, the Supreme Court cited Roviaro v. United States, 353 U.S. 53, 60-61 (1957), with approval. Roviaro held that "[w]here disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action." Roviaro, 353 U.S. at 60-61.

Andolschek was also cited with approval by the Supreme Court in United States v. Reynolds, 345 U.S. 1, 12 (1953), where the Supreme Court explained: "The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense." Reynolds, 345 U.S. at 12.[7]

This Circuit has followed the same course. See Christoffel v. United States, 200 F.2d 734, 738 (D.C. Cir. 1952) ("If such evidence is under the control of a department of government charged with the administration of those laws for whose violation the accused has been indicted, and its production is refused, or it is excluded, the courts . . . have held a conviction will not be permitted without the evidence." (citation omitted)), rev'd on other grounds, 345 U.S. 947 (1953).

Thus, although there is no waiver of sovereign immunity when the United States initiates a criminal prosecution, the defendant's important and fundamental constitutional rights can nonetheless be protected by the court overseeing the trial. The Court believes that this is the proper course for Mr. Fears'

---

[7] Indeed, the Supreme Court also cited Andolschek in Touhy, acknowledging that the withholding of a document by a federal government official in a criminal prosecution brought by the United States creates special considerations that are not present in civil cases in which the United States is a party. See U.S. ex rel. Touhy v. Ragen, 340 U.S. 462, 467-68, n.6 (1951).

criminal prosecution. In sum, it is for the Superior Court, rather than this Court, to decide whether the refusal of the AOC to produce the subpoenaed records justifies dismissal based upon the principles expounded in Andolschek, Jencks, Roviaro, Reynolds and related cases. Because there is no waiver of the AOC's sovereign immunity in this case, the United States' Motion to Quash is granted.[8]

## CONCLUSION

For the foregoing reasons, Fears' Cross Motion to Remand is denied and the United States' Motion to Quash is granted. An Order accompanies this Memorandum.

SO ORDERED.

Date: June 10, 2011 /s/
ROBERT L. WILKINS
United States District Judge

---

[8] Because the doctrine of sovereign immunity shields the AOC from having to comply with Fears' subpoenas, this Court need not reach the merits of any other defenses the AOC has asserted.