UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**THOMAS JAMES FEARS**,<br><br>　　　　　Defendant. | Misc. No. 11-mc-174 (RLW) |

## MEMORANDUM OPINION AND ORDER ON MOTION FOR RECONSIDERATION AND SUGGESTION OF MOOTNESS

Upon consideration of Mr. Fears' Motion for Reconsideration, the United States' Suggestion of Mootness, the respective responses and replies, and the entire record, it is hereby ORDERED that Defendant's Motion for Reconsideration (Docket No. 16) is DENIED AS MOOT, that this Court's Memorandum Opinion and Order denying Fears' Motion to Remand and granting the United States' Motion to Quash is VACATED (Docket Nos. 14-15), and that this case is DISMISSED. In so ruling, the Court finds the following:

　　1.　　Through the subpoenas at issue in this case, Fears sought four categories of documents from the Architect of the Capitol ("AOC"): 1) the complete personnel file for the complaining witness; 2) the complete personnel files for Fears; 3) all documents generated from any internal investigation pertaining to or involving Fears; and 4) all documents describing "internal procedures for investigating alleged incidents of misconduct, terminating and/or removing employees from the work place and disciplinary procedures for violating internal guidelines and/or other standards of conduct." (Ex. A to Pl.'s Notice of Removal of Subpoenas).

1

2. The United States removed those subpoenas from the Superior Court of the District of Columbia to this Court. The United States also sought to quash those subpoenas, alleging that the AOC was shielded from compliance by the doctrine of sovereign immunity. Fears sought to remand the subpoenas so that the Superior Court might enforce them. Alternatively, Fears argued that the United States had waived sovereign immunity by bringing a prosecution against Fears in the Superior Court. By Memorandum Opinion and Order, this Court denied Fears' Motion to Remand and granted the United States' Motion to Quash. (Docket Nos. 14-15).

3. Mr. Fears filed a Motion for Reconsideration, arguing that the Court erred and that there is precedent for compelling the production of documents from the legislative branch. The United States staunchly opposes reconsideration. In the meantime, much has transpired regarding the documents sought by Mr. Fears' subpoenas.

4. There is no dispute that the AOC has now produced all the requested documents to the prosecutor in Fears' criminal proceeding in the Superior Court. Subsequent to this Court's ruling and while this matter was still pending, the Assistant United States Attorney (AUSA) assigned to Mr. Fears' criminal case contacted the Office of the General Counsel of the AOC, and the AOC "cooperated" with the AUSA by allowing inspection and providing copies of all of the requested documents to the AUSA. The prosecutor has, in turn, produced almost all the requested documents to Fears.[1] The only document that is still at issue is a December 30, 2010 memorandum prepared by the AOC Office of the General Counsel. That memorandum apparently documents the internal investigation of Fears and the conclusions that the AOC reached. Although the government

---

[1] Fears acknowledges that he no longer seeks the complaining witness' personnel file because he believes there is nothing in that file material to his defense.

produced the document, it did so with redactions. At Fears' request, the trial court (Lopez, J.) reviewed the redacted and unredacted versions of the document. The trial court was satisfied that the only "matters that aren't [sic] redacted are the work-product type matters." The trial court ordered that the unredacted version of the December 30, 2010 memorandum need not be produced to Fears.

5. Fears contends that the Motion for Reconsideration in this Court is not moot because he should have been provided with an unredacted version of the AOC memorandum. However, Fears' proposed relief when he filed his motion for remand was to "return to Superior Court to litigate any legitimate, nonfederal objection [the AOC] may have to Mr. Fears' trial subpoenas." (Docket No. 8). That is exactly what has transpired since the Court's ruling – all of the requested documents of any relevance to Fears' criminal prosecution were turned over to the AUSA for production to Fears pursuant to the constitutional and procedural rules and safeguards applicable to the Superior Court. At this point, there are no "nonfederal objections" at issue with respect to the requested documents; instead, Fears essentially wants this Court to review the remaining document at issue and rule on whether the attorney work-product redactions were proper. That is, however, a "nonfederal objection" upon which the Superior Court has already ruled, and the proper avenue for review of that decision in the first instance is the District of Columbia Court of Appeals, not this Court. In sum, Fears has received the relief that he requested of this Court while this matter was pending, so this matter is now moot. *See McBryde v. Comm. to Review Circuit Council Cond. and Disab. Orders*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun

the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.") (citations omitted), *cert. denied*, 537 U.S. 821 (2002).

6.     The constitutional issues raised when the Sixth Amendment meets sovereign immunity are complicated, and the relevant precedent does not give a clear answer to the waiver issue. As one commentator aptly noted fifty years ago when discussing *United States v. Burr*, 25 F. Cas. 30 (C.C.Va. 1807):

> The conflict between judicial and executive authority over executive reluctance to produce documentary material for inspection by a litigant found one of its earliest and most dramatic expressions in the course of proceedings relating to the separate trials in which Aaron Burr was first found innocent of treason and later cleared of a misdemeanor charge. The conflict in both cases concerned primarily the disclosure to Burr of the contents of allegedly relevant correspondence between President Jefferson and an army officer. While both proponents and opponents of executive immunity have claimed support in the record of these proceedings, the record is actually a better source of attitudes than of precedent.

Note, *Executive Immunity from Judicial Power to Compel Documentary Disclosure*, 51 COLUM. L. REV. 881, 882 (1951). While this Court obviously did its best to apply the relevant precedent to reach what it believed was the proper result in this case, the Court would be remiss not to acknowledge that the debate still rages about whether the Supreme Court and lower courts have properly applied the precedent of the *Burr* case and other cases with respect to sovereign immunity and the Sixth Amendment. *See, e.g.*, M. Hirsch, *"The Voice of Adjuration": The Sixth Amendment Right to Compulsory Process Fifty Years after United States Ex Rel. Touhy v. Ragen*, 30 FLA. ST. U. L. REV. 81 (2002). Thus, because this case involves important and controversial constitutional questions that due to mootness cannot be reviewed by the Circuit, the proper course of action is to vacate the prior opinion. *See Hall v. Central Intelligence Agency*, 437 F.3d 94, 99-100 (D.C. Cir. 2006); *Kurtz v. Baker*, 644 F.Supp. 613, 619-21 (D.D.C. 1986).

7. Accordingly, IT IS HEREBY ORDERED that Fears' Motion for Reconsideration (Docket No. 16) is DENIED AS MOOT, that this Court's Memorandum Opinion and Order denying Fears' Motion to Remand and granting the United States' Motion to Quash is VACATED (Docket Nos. 14-15), and that this case is DISMISSED.

SO ORDERED.

Date: November 1, 2011

ROBERT L. WILKINS
United States District Judge